IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-CIV-62262-BLOOM/Valle

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA and
COEX COFFEE INTERNATIONAL,

      Plaintiffs,

v.

ALL AMERICAN FREIGHT, INC.,
HARTLEY FREIGHT LINES, LLC, and
HARTLEY TRANSPORTATION, LLC,

      Defendants.

_____/

## HARTLEY FREIGHT LINES, LLC AND HARTLEY TRANSPORTATION, LLC'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

COMES NOW, Defendants, Hartley Freight Lines, LLC (hereinafter "HFL") and Hartley Transportation, LLC (hereinafter "HT"), pursuant to Federal Rule of Civil Procedure 11(c), by and through its undersigned counsel, and submits this, its Motion for Sanctions against Janssen & Siracusa, P.A. and states as follows:

**I.  Introduction.**

This lawsuit arises out of an alleged breach of contract between Plaintiff, Coex Coffee, and HT.  HT is a licensed broker that arranges for the transportation of cargo.  As a broker, HT would select the motor carrier to transport freight on behalf of its customers.  In this instance, HT selected All American Freight, Inc. (hereinafter "AAF"), which is also a defendant in this action.

Defendant HFL is a motor carrier.  Although it is affiliated with HT, HFL is a separate, legally distinct entity.  In fact, HFL maintains a separate operating authority with the Federal Motor

1

Carrier Safety Administration.  Thus, the Federal Government recognizes that HFL is a distinct legal entity, and has granted a license to HFL to operate motor carriers in interstate commerce.[1]

Plaintiffs have also named HFL as a defendant motor carrier, despite HFL having absolutely nothing to do with the transaction or the carriage of the cargo.

HFL is not a party to any alleged agreement, nor is it mentioned anywhere on the delivery order, shipping document, or Broker/Carrier Agreement that Plaintiffs attach to their Amended Complaint [D.E. 34].  Thus, there is no factual or legal basis to hold HFL liable for any alleged breach by HT.

## II.    Procedural Background.

On February 5, 2015, HFL and HT filed their motion to dismiss, arguing that it is unclear whether Plaintiffs are bringing state law claims, or a cause of action under the Carmack Amendment, which would preempt any state law claims.  HFL and HT also argued that the Complaint appeared to bring claims pursuant to the Carmack Amendment, which would be inapplicable against HFL as a transportation broker, as alleged by Plaintiffs in the Amended Complaint.

On March 13, 2015, the Court granted Defendants' Motion to Dismiss [D.E. 32].  In the Order, the Court held that "it is unclear whether Plaintiffs bring their action pursuant to a breach of contract or for violations of the Carmack Amendment….Plaintiffs must clearly set forth the respective causes of action."

The Court also held that "to the extent Plaintiffs seek to hold Hartley Transportation liable under the Carmack Amendment, such claims must fail, or alternatively, Plaintiffs are obligated to

---

[1] See Exhibit A attached.   By way of comparison, HT is licensed by the FMCSA solely as a transportation broker. See Exhibit B attached.

allege the relationship between Hartley Transportation and Hartley Freight that would allow Hartley to be held liable."   The Court went on to note that "the Complaint lacks any allegations with respect to Hartley Transport's true nature, but instead simply commingles Hartley Freight and Hartley Transportation through a series of "and/or" accusations." The Court held that "Although they share a root name, Hartley Transport and Hartley Freight remain distinct artificial entities."

Plaintiffs ignored the Court's Order, however, and filed their Amended Complaint which failed to adequately allege the relationship between Hartley Transportation and Hartley Freight that would allow Hartley to be held liable.  Specifically, Plaintiffs again allege that HFL is a motor carrier and that HT is a transportation broker.  Plaintiffs then go on to acknowledge that the two companies are "separate legal entities", but are owned by the same individuals, share the same business address, employ  the same people, share the same contact information, and share the same website.   As such, Plaintiffs conclude, without any authority or factual basis, that Defendants acted in concert with respect to the carriage of the goods. In support, Plaintiffs attached excerpts from HT's website, claiming that such somehow evidences an alter-ego relationship which is not adequately plead in the Amended Complaint.

As such, Plaintiffs' counsel filed its Amended Complaint with an improper purpose to harass, cause unnecessary delay, and needlessly increase the cost of litigation against Defendants, warranting sanctions under Federal Rule of Civil Procedure 11.   Defendants had no choice but to file their Motion to Dismiss the Amended Complaint.  [D.E. 37].   In their Response, Plaintiffs attempt, but fail, to correct the deficiencies in their Amended Complaint.

Further, Plaintiffs have served upon Defendants a Rule 11 letter and motion, claiming that Defendants' Motion to Dismiss the baseless claims asserted by Plaintiffs is somehow frivolous.

### III.    Legal Standard.

Fed. R. Civ. P. 11 (b) provides:

(b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) SANCTIONS.

(1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

4

(2) *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

(3) *On the Court's Initiative.* On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

(4) *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

## IV.   Discussion.

Plaintiffs have absolutely no good faith basis to bring any claim against HFL.  Plaintiffs retained HT to arrange for the transport of Plaintiffs' cargo.  Plaintiffs brought suit against HT as a transportation broker.  Plaintiffs also brought suit against AAF – the motor carrier selected by HT to transport the cargo.  Plaintiffs are therefore fully aware of the roles played by all entities involved in this transport – HT to select the motor carrier, and AAF to transport the cargo.  What role did HFL play?  Plaintiffs are well aware that HFL had no responsibility in this action.  If

Plaintiffs did not know at the time they filed the original complaint, they certainly do by now.  Yet, Plaintiffs filed their Amended Complaint, asserting the same baseless claims against HFL – now arguing that HFL and HT are the same entity.  The Court, however, has already rejected this contention in its Order granting Defendants Motion to Dismiss.  [D.E. 32].

Undaunted, Plaintiffs have gone far afield from the four corners of the Complaint, and have now included in their Opposition to the Motion to Dismiss an affidavit from their own employee, swearing that they don't know the difference between HFL and HT.  Plaintiffs also attach screenshots from HT's website, claiming somehow that these screenshots "prove" that HFL and HT are the same entity.

Yet, the website only "proves" that HT at times will utilize HFL as an asset-based carrier.  Plaintiffs allege that the website "shows" that HFL and HT share employees.  It doesn't.  Plaintiffs allege that the website "shows" that HFL and HT have the same owners.  It doesn't.  Plaintiffs allege that the website "shows" that HFL and HT share the same business address.  It doesn't.

Plaintiffs allege that the delivery order that it issued, directing "Hartley" to transport the cargo, somehow imposes alter-ego liability on both entities.  Plaintiffs do not, and cannot, provide any support for this legal contention.

Plaintiffs provide a shipping receipt – prepared by Colmar Storage, Plaintiffs' customer and warehouse – which references HT as carrier and which somehow imposes alter-ego liability on HFT, despite nowhere being named on the shipping receipt.

Plaintiff also provide an unsigned broker/carrier agreement, purportedly entered into between HT and AAF.  This agreement is signed by HT as "broker".  It is unsigned by AAF, as carrier.  Yet, Plaintiff somehow maintains that this agreement not only imposes carrier liability on HT, but somehow makes HFL liable for the transport it had nothing to do with.

6

Despite all of this "evidence" or lack thereof, despite the FMCSA and this Court already holding that HT and HFL are distinct legal entities, Plaintiffs nevertheless persist in maintaining this action against HFL. Plaintiffs continue to assert, without any legal or factual basis whatsoever, that HT and HFL are one and the same entity responsible for the transportation of Plaintiffs' cargo.

Plaintiffs' claims further lack any legal merit with respect to HFL. Plaintiffs do not even plead "alter ego" in their Amended Complaint.  HFL is not a party to any agreement between HT and Coex, nor has ever been hired by Coex, nor conducted business in Florida.  HFL cannot be found liable for breach of the agreement with HT because HFL is not a party to the agreement. HFL cannot be held responsible for the most basic reason that HFL did not have any business transactions with Plaintiffs.  Plaintiffs fail to allege the necessary elements for alter ego and even if they did, there is no legal merit because HFL and HT are separate legal entities and HFL is not the mere instrumentality of HT.  *See Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.,* 162 F.3d 1290, 1320 (11th Cir. 1998).

The Amended Complaint as alleged prevents these issues from being properly evaluated, and prevent HT and HFL from being able to frame a proper response thereto.  Plaintiff filed a nearly identical amended complaint that fails to correct any of the causes of action as ordered by this Court.  By filing the Amended Complaint, Plaintiffs have caused unnecessary delay and needlessly increased the cost of litigation.  This is not an instance of discovery telling the tale because this a threshold matter involving whether the claims can state a cause of action.

This Court has awarded sanctions where plaintiffs failed to correct factual misrepresentations and filed a near identical amended complaint. *Maale v. Kirchgessner,* 2011 WL 743040 (S.D. Fla. Feb. 24).  There, plaintiff failed to withdraw or correct factual misrepresentations that served as the basis for the Judge's report. *Id.* at 4.  Plaintiff continued to

assert the same factual misrepresentation in the Fourth Amended Complaint as a driving force to keep the litigation going for years and at a great expense. *Id.* The Court found that such statements represented intentional and repeated efforts by plaintiff to mislead the Court. *Id.* Here, Plaintiffs plead the same facts and the same causes of actions in their Amended Complaint as pled in the original complaint. Thus, Plaintiffs fail to correct any of the causes of action as ordered by the Court.

In addition, counsel for plaintiffs have served their own Rule 11 Motion, asserting that Defendants' Motion to Dismiss the Amended Complaint is somehow frivolous. Plaintiffs' own proposed Rule 11 Motion, however, is without basis, as it is clear that Plaintiffs have asserted, and continue to assert, baseless claims against HFL. Plaintiffs, and their counsel, have made no good faith effort with regard to their claims asserted in this matter. Their careless preparation of their claim has necessitated the motion practice at issue in their proposed motion.

Even worse, Plaintiffs, in their Opposition Memorandum to Defendants' Motion to Dismiss the Amended Complaint, actually advise the Court that they have served a Rule 11 Motion for Sanctions against Defendants. This is not only inappropriate, but improper.

## V.    Conclusion.

Based upon the foregoing, sanctions under Rule 11 are warranted for bringing claims lacking both legal and factual support. Hartley Freight Lines, LLC and Hartley Transportation, LLC request that, in addition to any sanctions imposed by the Court, that it be awarded its attorney's fees incurred in responding to the Amended Complaint, and preparation of the instant request for relief as against Plaintiffs and their attorneys, jointly and severally.

Dated: February 17, 2016

Respectfully submitted,

**SPECTOR RUBIN, P.A.**

8

By:   _/s/ Robert Borak_____
Andrew R. Spector
Florida Bar No. 634093
Robert Borak
Florida Bar No. 15923
Continental Plaza
3250 Mary Street, Suite 304
Miami, Florida 33133
Tel: (305) 537-2000
Fax: (305) 537-2001
*Attorneys for Defendants, Hartley Freight*
*Lines, LLC and Hartley Transportation, LLC*