UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-CIV-62262-BLOOM/Valle

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, a/s/o
Coex Coffee International, and
COEX COFFEE INTERNATIONAL,

      Plaintiffs,

vs.

ALL AMERICAN FREIGHT, INC.,
HARTLEY FREIGHT LINES, LLC, and
HARTLEY TRANSPORTATION, LLC.,

      Defendants.

_____/

# COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called

deliberations.

## The Duty to Follow Instructions

Your decision must be based only on the evidence presented here. You must not be

influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must

follow all of my instructions as a whole. You must not single out or disregard any of the

instructions on the law.

**Consideration of Direct and Circumstantial Evidence**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.

There is no legal difference in the weight you may give to either direct or circumstantial evidence.

**Credibility of witnesses**

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

· the witness's opportunity and ability to see, hear, or know the things the witness
  is testifying about;

· the witness's memory;

· the witness's manner while testifying;

· any interest the witness has in the outcome of the case;

· any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I will give you additional guidelines for determining a witness's

credibility.


**Carmack Amendment: Liability of a Carrier that Subcontracts Interstate
Motor Carriage to an Underlying Carrier**

The purpose of the law that governs contracts of motor carriage between states,

the Carmack Amendment, is to relieve shippers of the burden of searching out a particular

negligent carrier from among the often numerous motor carriers in any given shipment.  A

motor carrier may sub- contract the whole or any part of its carriage duties under a contract of

interstate motor carriage by hiring another motor carrier to perform those duties.  However,

this does not discharge the sub- contracting motor carrier from liability for damages caused to

the goods during their carriage.  Instead, both the initiating motor carrier and delivering motor

carrier are liable for the loss, and the shipper is entitled to recover its damages from both.

**Plaintiffs' Claims – Carmack Amendment**

Plaintiffs, Coex Coffee International ("Coex") and its insurance company, National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), claim that a shipment of 320 bags of green coffee ("Cargo") was stolen during interstate motor transport while in the care, custody, and control of Defendants All American Freight, Inc. ("AAF") and Hartley Transportation, LLC ("Hartley"), both of whom were acting as interstate motor carriers.  A default has been entered against Defendant AAF and you are to only consider the matter of damages as to AAF.

Regarding Hartley's liability, you must first decide whether Hartley acted as a "carrier" or a "broker."  Plaintiffs have the burden to establish whether Hartley acted as a carrier in its dealings with COEX concerning the alleged 320 bags of green coffee.

In order for Plaintiffs to prove its claim under the Carmack Amendment for lost cargo, they must establish that: (1) the cargo was delivered to a carrier in good condition; (2) non-delivery and (3) damages.

**Motor Carrier**

The term "motor carrier" means a person providing motor vehicle transportation for compensation.

**Transportation Broker**

A "transportation broker" sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation.  As such a transportation broker simply arranges or provides transportation of cargo via motor carriers but does not physically move the cargo.  A broker is not subject to the law governing the liability of motor carriers and is not responsible for the transportation of the cargo.  Rather, a broker is liable only for its own negligence.

**Broker or Carrier**

Whether a company is a broker or a carrier is not determined by what the company labels itself, but by how it represents itself to the world and its relationship to the shipper. The focus on whether an entity is a broker or a carrier is based on its role in the specific transaction and the nature of the relationship with shipper. The crucial distinction is whether the party legally binds itself to transport, in which case it is considered a carrier.

If you find that Hartley acted as a "carrier" in its dealings with COEX regarding the 320 bags of green coffee, Plaintiffs must establish that COEX delivered cargo that was in good order and condition to the carrier and that the carrier failed to deliver the cargo in the same good order and condition.  If Plaintiffs prove this, the carrier is liable "for the actual loss or injury to the property caused by" the carrier.  "Actual loss or injury" is measured by any reduction in market value at the place of destination.

In the event that Plaintiffs can establish that the cargo was delivered to the carrier in good order and condition, and that it was lost while in the possession of such carrier, then the carrier would not be liable if it can provide by a preponderance of the evidence: (1) that it did not act negligently and (2) that the damage to the cargo was caused by an act or omission of the shipper or its agent.

**Contract of Carriage**

Plaintiffs claim that the parties entered into a contract. To prove that a contract was created, Plaintiffs must prove all of the following: 1. The essential contract terms were clear enough that the parties could understand what each was required to do; 2. The parties agreed to give each other something of value; and 3. The parties agreed to the essential terms of the

contract. When you examine whether the parties agreed to the essential terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an agreement. The making of a contract depends only on what the parties said or did. You may not consider the parties' thoughts or unspoken intentions. If Plaintiffs did not prove all of the above, then a contract was not created.

## Disputed Terms

In deciding what the disputed term(s) of the contract mean, you should consider how the parties acted before and after the contract was created. Where an agreement is ambiguous, the meaning of the agreement may be ascertained by looking to the interpretation the parties have given the agreement and the parties' conduct throughout their course of dealings.

## Carrier Liability

In order for a carrier to become liable for the goods, the shipper must have delivered the freight into its possession, the delivery must be for immediate transportation, and the shipper must give the carrier appropriate shipping instructions.

## Damages under Carmack Amendment

In order to recover under the Carmack Amendment, Plaintiffs must prove the measure of damages.  The damages recoverable under Carmack Amendment are for the actual loss of the property.

## Agent

An agent is a person who is employed to act for another, and whose actions are controlled by his employer or are subject to his employer's right of control.

An employer is responsible for the negligence of his agent if such negligence occurs while the agent is performing services which he was employed to perform or while the agent is acting at least in part because of a desire to serve his employer and is doing something that is reasonably incidental to his employment or something the doing of which was reasonably foreseeable and reasonably to be expected of persons similarly employed.

**Plaintiffs' Claim - Negligence**

Plaintiffs also claim that Hartley was negligent in failing to follow Coex's instructions. Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances.

In this case, Plaintiffs claim that Hartley was negligent in failing to follow Coex's instruction that the cargo be taken "directly" to its customer.  The elements of negligence are: 1) duty; 2) breach of that duty; 3) causation; 4) and damages.

The instructions at issue stated:

"TO TAKE [the Cargo] DIRECTLY TO [] WAREHOUSE IN HOUSTON BY HARTLEY FOR THE ACCT OF COEX.

You must determine whether Hartley's failure to follow these instructions created a foreseeable zone of risk.  If the answer is yes, Hartley had a duty to either lessen the risk or see that sufficient precautions were taken.  If Hartley had a duty, you must determine whether Hartley breached this duty.  If you find that Hartley breached its duty, you must determine whether Hartley's breach was a proximate cause of the damages alleged by Plaintiffs.

7

Proximate cause defined - In order to constitute proximate cause there must be such a natural, direct, and continuous sequence between the negligence act (or omission) and the Plaintiffs' injury that it can reasonably be said that *but for* the negligent act (or omission) the injury would not have occurred.

Thus, in order for you to find Hartley liable for negligence, you must find, by a preponderance of the evidence, that Hartley: (1) had a duty to follow Coex's instructions to take the cargo directly to its customer's warehouse; (2) that Hartley failed to do so; and (3) that the damages sustained by Plaintiffs would not have occurred but for Hartley's breach of duty.

**Legal Cause**
**Proximate, Concurring, Intervening**
**Cause**

*a. Legal cause generally:*

Negligence is a legal cause of loss or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss or damage, so that it can reasonably be said that, but for the negligence, the loss or damage would not have occurred.

*b. Concurring cause:*

In order to be regarded as a legal cause of loss or damage, negligence need not be the only cause. Negligence may be a legal cause of loss or damage even though it operates in combination with the act of another or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such loss or damage.

*c. Intervening cause:*

8

In order to be regarded as a legal cause of loss or damage, negligence need not be its only cause. Negligence may also be a legal cause of loss or damage even though it operates in combination with the act of another or some other cause occurring after the negligence occurs if the negligence contributes substantially to producing such loss damage was a reasonably foreseeable consequence of the negligence and the negligence contributes substantially to producing it.

### Burden of proof

Plaintiffs have the burden of proving their case by what the law calls a "preponderance of the evidence." That means Plaintiffs must prove that, in light of all the evidence, what they claim is more likely true than not. So, if you could put the evidence favoring Plaintiffs and the evidence favoring Defendants on opposite sides of balancing scales, Plaintiffs needs to make the scales tip to their side. If Plaintiffs fail to meet this burden, you must find in favor of Defendants.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Hartley has the burden of proving the elements of a defense by a preponderance of the evidence.  I'll instruct you on the facts Hartley must prove for any affirmative defense. After considering all the evidence, if you decide that Hartley has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

9

**The Duty to Follow Instructions**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone. You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law. The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

10

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

## Credibility of Witnesses

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. As I said before, in making that decision, you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

## Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness

said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### Responsibility for Proof—Plaintiff's Claims —Preponderance of the Evidence

In this case it is the responsibility of the Plaintiffs to prove every essential part their claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion." A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claim are more likely true than not true. If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiffs.   In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of the Plaintiff' claims by a preponderance of the evidence, you should find for the Defendant.

### Responsibility for Proof—Affirmative Defense Preponderance of the Evidence

In this case, the Hartley asserts the following affirmative defenses should only apply to the negligence claim:

1. Any loss of the cargo arose or resulted from the acts or omissions of the shipper and/or receiver.

2. The subject loss, if any, occurred due to the intervening, superseding, or concurring actions or inactions of third parties not under the control of Defendant, for which Defendant has no liability.

3. Any damage sustained by Plaintiffs resulted wholly and solely from the fault, neglect and want of care of Plaintiffs or persons or parties other than Defendant, for whose acts Defendant is not liable or responsible and is not the result of any negligence, breach of contract, fault or want of care on the part of Defendant.

Even if the Plaintiffs prove their claim by a preponderance of the evidence, Hartley can prevail in this case if it proves an affirmative defense by a preponderance of the evidence. When more than one affirmative defense is involved, you should consider each one separately. I caution you that Hartley does not have to disprove the Plaintiffs' claim, but if Hartley raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

## Subrogation

National Union Fire Insurance Company brings this lawsuit as subrogee of its insured, Coex Coffee International. Under the law, an insurance company that reimburses its insured for a loss that is covered under the insured's insurance policy is entitled to pursue a third-party action, or lawsuit, to try and recover the amounts paid. This is called a subrogation lawsuit. The party that pays for a loss, like an insurance company, is called the subrogee. The party that receives the payment, like an insured, is called the subrogor. Coex Coffee International has brought this action for its own loss.

13

National Union as the subrogee of Coex Coffee International stands in the shoes of Coex Coffee International and is entitled to all the rights of Coex Coffee in pursuing a subrogation claim. National Union is also subject to all of the liabilities that Coex Coffee would be subject to, including any fault that may be attributed to Coex Coffee as it relates to the underlying incident.

### Comparative Negligence

In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of Coex. The court will enter a judgment based on your verdict and, if you find that Coex was negligent in any degree, the court in entering judgment will reduce the total amount of damages by the percentage of negligence which you find was caused

### Damages Elements

If you find for Defendant Hartley, you will not consider the matter of damages as to this Defendant.  But, if you find for Plaintiffs you should award Plaintiffs an amount of money that the greater weight of the evidence shows will fairly and adequately compensate it for such loss or damage.  As to All American Freight, the Court has entered a default on the issue of breach of contract of carriage under the Carmack amendments.  Therefore, you are determined the damages, if any, sustained by Plaintiff as a result of AAF's breach.

**Carrier.**  If you find that Defendant Hartley is a carrier, Defendant Hartley is liable "for the actual loss or injury to the property caused by" the carrier.  "

**Broker.**  If you find that Defendant Hartley is a broker and acted negligently, you must determine the measure of damages Plaintiffs suffered as a result of such negligence.  Plaintiffs claim that they suffered $100,423.76 as a result of Hartley's negligence.

14

As to Defendants AAF, the Court has entered a default on the claims by Plaintiff against Defendant.  The measure of damages on these claims are similar to the measure of damages just explained to you.

## Damages

In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of Coex. The court will enter a judgment based on your verdict and, if you find that Coex was negligent in any degree, the court in entering judgment will reduce the total amount of damages by the percentage of negligence which you find was caused by Coex.

The court will also take into account, in entering judgment against any defendant whom you find to have been negligent, the percentage of that defendant's negligence compared to the total negligence of all the parties to this action.

In determining the total amount of damages, you should also not make any reduction because of the negligence or fault, if any, of All American Freight and/or Colmar Storage.  The court in entering judgment will also take into account your allocation of negligence or fault among all or entities who you find contributed to Plaintiffs' damages.

## Multiple Claims & Parties

In your deliberations, you are to consider two distinct claims alleged by Plaintiff against Hartley Transport.  You are also to consider the Plaintiffs' claim for damages against All American Freight. Although these claims have been tried together, each is separate from the other, and the parties are entitled to have you separately consider each claim as it affects that party.   Therefore, in your deliberations, you should consider the evidence as it relates to each claim separately,

15

as you would had each claim been tried before you separately. Also, the existence of

multiple defendants here should not affect you evaluation of Plaintiffs' claims – each

defendant's conduct must be adjudged independent from that of the other. However, if

you award damages, the plaintiffs should be made whole for their injuries, not enriched.

As such, Plaintiffs may not be awarded more than the total of their collective losses

arising from the alleged incident discussed at trial.

## Duty to Deliberate

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs'

damages should not be interpreted in any way as an indication that I believe that the Plaintiffs

should, or should not, prevail in this case. Your verdict must be unanimous—in other words, you

must all agree. Your deliberations are secret, and you'll never have to explain your verdict to

anyone. Each of you must decide the case for yourself, but only after fully considering the

evidence with the other jurors. So you must discuss the case with one another and try to reach an

agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and

change your mind if you become convinced that you were wrong. But don't give up your honest

beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges—judges of the facts. Your only interest is to

seek the truth from the evidence in the case.

## Note-Taking

You've been permitted to take notes during the trial. Most of you – perhaps all of

you – have taken advantage of that opportunity.

16

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

### Election of Foreperson; Explanation of Verdict Form

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict form]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me, and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.